# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE MAYEN,<br><br>            Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent. | CASE NOS.  18cv2515-LAB<br>                     15cr3121-LAB<br><br>**ORDER REQUIRING RESPONSE BY GREGORY MURPHY** |

Petitioner Jorge Mayen alleges that he received ineffective assistance from his counsel, Gregory Murphy, in connection with his 2016 guilty plea for importation of methamphetamine and marijuana. In light of this alleged ineffective assistance, Mayen moves to vacate his 85-month sentence. Dkt. 72. The government filed an opposition to Mayen's petition and requested that the Court order Mr. Murphy to provide the government with a declaration sufficient to rebut Mayen's allegations. Mr. Murphy originally refused to provide the government with such a declaration, citing his ethical obligations to his former client.

The Court denied the government's request, noting that it lacked the power to order Mr. Murphy to provide a declaration to a third party. Dkt. 78. But the Court informed Mayen that by pursuing his habeas petition he would waive any claim to attorney-client privilege. *See Bittaker v. Woodford*, 331 F.3d 716, 720 (9th Cir. 2003). Specifically, the Court instructed as follows:

  2. Petitioner Jorge Mayen is **ORDERED** to respond in writing and inform the Court as to whether he desires to pursue his habeas petition, or whether he desires to abandon the claim in order to avoid the waiver of the attorney-client privilege. Mayen's response is due on or before **February 8, 2019**.

  3. If Petitioner elects to pursue his claim, or if he has not responded by February 8, 2019, attorney-client privilege as to all communications related to his representation between Petitioner and his former counsel, Gregory T. Murphy, will be deemed **WAIVED** by Petitioner, and Petitioner will be deemed to **CONSENT** to Murphy providing this Court with testimony sufficient to rebut the allegations against him.

Mayen did not respond to the order, so the Court assumes he wishes to pursue his claim of ineffective assistance of counsel. The attorney-client privilege as to all communications related to Mayen's representation between Mayen and his former counsel, Gregory Murphy, is deemed **WAIVED**.

By no later than **March 26, 2019**, Mr. Murphy is **ORDERED** provide to the Court a declaration sufficient (but not broader than necessary) to address Mayen's allegations of ineffective assistance of counsel. If Mr. Murphy does not comply with this order, the Court will proceed with issuing him a subpoena.

**IT IS SO ORDERED**.

Dated: March 5, 2019

                *Larry A. Burns*
                **HONORABLE LARRY ALAN BURNS**
                Chief United States District Judge